IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL GESIORSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

Now comes the Plaintiff, DANIEL GESIORSKI, by his attorneys, DEBOFSKY, SHERMAN CASCIARI REYNOLDS P.C., and complaining against the defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, he states:

### *Count I*

### *Nature of Action*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability ("LTD") insurance policy underwritten and administered by Life Insurance Company of North America ("LINA") ("the Policy") for the benefit of eligible employees of BP America, Inc., which includes Plaintiff (A true and accurate copy of the Policy is attached hereto as Exhibit

"A".) Additionally, this action may be brought before this court pursuant to 28 U.S.C. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## Nature of the Action

4. This is a claim seeking recovery of disability benefits claimed to be due under the Policy, which provides long-term disability benefits under insurance policy number LK-030287. This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g).

## The Parties

5. The plaintiff, Daniel Gesiorski ("Gesiorski" or "Plaintiff"), age 54 (born in 1965), is a resident of Braceville, Grundy County, Illinois.

6. The defendant, LINA, was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and delivered coverage to Plaintiff in the State of Illinois.

## Statement of Facts

7. Prior to ceasing work, Gesiorski was successfully employed as an Instrument Electrician Journeyman with BP America, Inc.

8. As a benefit of his employment with BP America, Inc., Gesiorski received long-term disability insurance coverage under the Policy as a "Class 1" participant.

9. The Policy provides for payment of monthly benefits if a Class 1 participant meets the following definition of disability:

**Definition of Disability**

The employee is considered Disabled if, solely because of Injury or Sickness, he or she is either:

1. unable to perform all the material duties of his or her own job as performed at BP or a Qualified Alternative; or
2. unable to earn 80% or more of his or her Indexed Covered Earnings.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either:

1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
2. unable to earn 80% or more of his or her Indexed Covered Earnings.

The Insurance Company will require proof of earnings and continued Disability.

10. On April 26, 2016, Gesiorski ceased working due to the combination of disabling pain and motor weakness caused by lumbar spondylolisthesis, lumbar spinal stenosis, lumbar spinal radiculopathy, and the side effects of medications he was prescribed to treat those symptoms. He has not worked in any capacity since that date.

3

11. Gesiorski submitted a timely application for LTD benefits shortly after ceasing work. LINA initially denied Gesiorski's claim for LTD benefits.

12. Following submission of an appeal, LINA reversed its denial of Gesiorski's LTD benefit claim and approved LTD benefits in the amount of $4,555.00 per month starting October 27, 2016.

13. On September 13, 2018, Gesiorski's application for Social Security Disability Insurance benefits was approved by the Social Security Administration following the Agency's review of independent medical examination reports and records and opinion from his treating physicians. The award signified that Gesiorski was incapable of "any gainful activity" – the definition of "disabled" under Social Security Act, 42 U.S.C. § 423(d)(1)(A) – due to the combination of his severe impairments.

14. LINA continued paying Gesiorski LTD benefits through the exhaustion of the policy's 24-month "own occupation" period on October 27, 2018. Gesiorski's condition failed to improve in any capacity over that time and he remained unable to work in any capacity.

15. On November 13, 2018, LINA sent Gesiorski notice that his LTD claim was terminated beyond October 27, 2018.

16. On March 22, 2019, Gesiorski, through counsel, submitted an appeal of LINA's benefit termination. Included with his appeal were updated medical records and opinion evidence from multiple treating physicians.

17. On March 26, 2019, LINA sent Gesiorski's counsel notice of its receipt of Gesiorski's appeal submission.

18. On March 29, 2019, LINA sent Gesiorski's counsel notice that it "require[d] an extension of time of up to 45 days to make a decision on your appeal [w]ith an additional 45 day extension allowed if necessary and due to good cause."

19. On April 25, 2019, LINA wrote Gesiorski requesting additional information related to his award of Social Security Disability Insurance benefits.

20. On May 14, 2019, Gesiorski, through counsel, supplied LINA with a complete copy of his Social Security Administration claim file.

21. On June 17, 2019, 87 days after Gesiorski submitted his appeal, LINA sent Gesiorski's counsel a letter stating that it was compelling him to undergo a medical examination with a physician of its choosing.

22. On June 28, 2019, Gesiorski, through counsel, notified LINA that because no further attempts had been made to schedule the additional testing and because LINA's deadline to issues its decision was past-due, he demanded a decision on his appeal by July 1, 2019.

23. LINA's termination of Gesiorski's LTD benefits was and remains against the weight of the medical and vocational evidence and in direct contrast to the opinions of multiple treating and examining physicians. LINA's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in unfounded and unsupported file reviews performed by non-consulting physicians and vocational analysts routinely contracted by LINA.

24.     LINA's termination of Gesiorski's claim also fits a pattern and practice of improper and biased claims handling that directly affected its claims handling in this case. This history, as detailed by the findings of a Targeted Conduct Examination Report, previously led LINA to enter into a Regulatory Settlement Agreement with the state insurance commissions of all 50 states. (Copies of the Regulatory Settlement Agreement and the Targeted Conduct Examination Report are attached to the Complaint as "Exhibit B"). The RSA required LINA and its subsidiaries to significantly restructure its claims handling, its use of outside physicians in assessing claims, and its standards for consideration of concurrent Social Security disability determinations, among other requirements. Ex. B, pp. 4-5.

25.     Gesiorski remains entitled to LTD benefits due since October 27, 2018 plus any interest that has accrued thereon; and he is also entitled to a declaration of rights that his benefits remain payable thereafter so long as he continues to meet the Policy's terms and conditions.

26.     As of the date of this filing, LINA has not issued a final decision on Gesiorski's appeal and has exceeded its final deadline to issue its decision. Accordingly, this matter is therefore ripe for adjudication.

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A.      That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of

benefits to which she is entitled from October 27, 2018 to the present;

  B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

  C. That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which he is entitled through the Policy's Maximum Benefit Period, so long as he continues to meet the policy conditions for continuance of benefits;

  D. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g); and

  E. That Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

Dated: July 2, 2019             Respectfully Submitted,

                       *William T. Reynolds*
                       One of the Plaintiff's Attorneys

William T. Reynolds
Matthew Maloney
DeBofsky Sherman Casciari Reynolds, P.C.
200 West Madison St, Suite 2670
Chicago, IL 60606
(312) 235-4880 (phone)
(312) 929-0309 (fax)